Filed 8/30/13  P. v. Thomas CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ADAM JOHN THOMAS,<br><br>        Defendant and Appellant. | A136963<br><br>(Sonoma County<br>Super. Ct. No. SCR-615699) |

A jury convicted defendant Adam John Thomas of transportation of marijuana (Health & Saf. Code, § 11360) and misdemeanor possession of marijuana (Health & Saf. Code, § 11357, subd. (c)).  The jury acquitted him of possession of marijuana for sale (Health & Saf. Code, § 11359) and active participation in a street gang (Pen. Code, § 186.22, subd. (a)).  The trial court suspended imposition of judgment and placed defendant on probation for three years, conditioned on 120 days in the county jail with credit for time served.

Defendant's counsel has filed an opening brief that raises no issues and asks this court for an independent review of the record to determine whether there are any arguable issues.  (See *People v. Wende* (1979) 25 Cal.3d 436.)  Defendant was notified of his right to file a supplemental brief, but has not done so.  We find no arguable issues and affirm.

## I.  FACTS

At 5:30 p.m. on March 21, 2012, Detective O'Neill of the Santa Rosa Police Department began a surveillance of a house at 4290 Gravenstein Highway.  He watched the house through binoculars.  He considered the house suspicious because it had

1

boarded-up windows and windows with drawn shades. He also saw "a lot of short-term vehicle traffic to and from the house." At approximately 6:25 p.m., a Chevrolet pickup truck pulled up to the house and stopped. The driver, later identified as Ian Stalberg, got out of the truck and carried a black duffel bag into the house. The passenger, later identified as defendant, went into the house carrying a "small, red, fleece cloth."

At 6:30 p.m., a different vehicle drove away from the house and O'Neill followed it. He returned to his surveillance of the house around 9:00 p.m. The Chevrolet pickup was still there. About 10:40 p.m., Stalberg and defendant emerged from the house. Stalberg was carrying a plastic tote, also referred to as a bin. O'Neill testified such a bin was "a common container for marijuana." Defendant was carrying a black duffel bag.

O'Neill saw Stalberg "manipulating objects" into and out of the bin, then placing the bin in the rear bed of the pickup. O'Neill admitted it was dark and he could see mostly silhouettes.

The pickup truck drove off. O'Neill asked a unit of the Sebastopol Police Department to make a traffic stop of the truck.

Sebastopol police officers stopped the truck. As Officer Levesque approached the driver's side, he smelled a strong odor of marijuana. Stalberg was driving; defendant was the passenger. The officers removed the two men from the truck and searched it. The officers found a bag containing about $20,000 behind the driver's seat. The plastic bin in the truck bed was found to contain a black duffel bag and seven plastic bags of marijuana. The marijuana weighed a total of seven pounds. Defendant and Stalberg were arrested.

O'Neill found two cell phones in the truck and searched them. He found a number of text messages which he believed contained references to marijuana.

Officers obtained and executed a search warrant for the Gravenstein Highway house. They found the house had been used to cultivate marijuana.

Stalberg testified for the defense. He claimed the seven pounds of marijuana found in the pickup was his medical marijuana, although he admitted the amount was

over his limit. He claimed defendant did not own the marijuana or the $20,000, which Stalberg said was his life savings.

## II. DISCUSSION

We have reviewed the record and find no arguable issues. Defendant was represented by counsel at all pertinent portions of the proceedings. Substantial evidence supported the jury's verdicts of guilt. The sentence was well within the trial court's discretion. There were no errors in the proceedings.

There may be a question regarding the validity of the traffic stop, but we cannot consider it an arguable issue on appeal. There was no motion to suppress to challenge the validity of the stop. There may be facts outside the record on appeal supporting the stop's validity. For instance, Stalberg or defendant, or both, may have been known to have a connection to the Gravenstein house which the officers may have known was used to grow marijuana. It does not seem likely police officers would place a house under surveillance just because it had boarded-up windows and drawn shades. Defense counsel may have been aware of information justifying the traffic stop or have had tactical reasons to decline to file a motion to suppress. Defendant would have to explore this question on a petition for writ of habeas corpus alleging ineffectiveness of trial counsel.

## III. DISPOSITION

There are no arguable issues on appeal. The judgment of conviction is affirmed.

_____
Sepulveda, J.*

We concur:

_____
Margulies, Acting P.J.

_____
Banke, J.

* Retired Associate Justice of the Court of Appeal, First Appellate District, Division Four, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.